The next matter for argument is Hipple v. SCIX, LLC, Steel C, LLC et al. Mr. Olson. Yes, Your Honor. I can't believe people didn't stick around for this. I know, right? There are a few hardy souls. If it would be all right with the Court, may I please reserve three minutes for rebuttal? Great. Thank you. May I begin?  Thank you, Your Honor. Good morning, Your Honors. May it please the Court. My name is Eric Olson, counsel for the appellant, Mr. Clement Hipple. This is a case about whether a court can destroy a person's intellectual property without that owner of the intellectual property even not being a part of the lawsuit. Could you speak with jurisdiction before you get to that? Yes, Your Honor. So with respect to the question of jurisdiction, are you referring to the timeliness issue? Yes. Yes, we have an appeal from a March order, not from a December order. The December order appears to do all the substantive work here. You're not contesting that the registration number is really the crux here, are you? Well, I think the position for why this court has jurisdiction is set forth in the appellee's own letter and the USPTO's own letter. With respect, that really wasn't Judge Bevis' question. Are you resting on the fact that the number got filled in in March, the registration number? I think that that's part of it, Your Honor. I think that because there were multiple steel seal trademarks, the fact that the registration number was inserted into the order, it provided necessary clarity to the… If there has not been some substantive change from the December 2017 order that has been inserted into the March 2018 order, you're out of time here, aren't you? And if that's the case, as Judge Bevis has inquired, what is the import of the insertion of the number? Well, the import of the insertion of the number is that there were multiple steel seal trademarks. Does your appeal have anything to do with which of the steel seal trademarks it is? Well, our appeal has to do with the fact that the appellee tried to enforce the magistrate's December… But what Judge Bevis, I think, is getting at is you're saying, well, there were multiple registration numbers. Only one dealt with your client, though. Is it really ambiguous? Well, let me just clarify our position. I think it's a combination of adding the registration number and the fact that the USPTO itself said, you know, look, we don't… Let me give an analogy. So if a court said, you know, there are only green houses and one purple house on the block, and I want you to destroy the purple house, I mean, you know, is there genuine ambiguity there? You know, one could argue, I guess, not. But I think the point is when the contractor gets to the street and says, if you're trying to burn down the house, you should… It's reasonable for the contractor to go back to the court and say, so is this the particular street address of the house that you want to burn down? The USPTO's view and the appellee's view, I think, when they wrote their letter is that, look, if we're going to actually do something as drastic as destroying intellectual property, we do need to know what the registration number is. There are a couple problems. The first one is you cannot use ambiguities to bootstrap everything from the December order. So you have to show us that your appeal relates to the supposed ambiguity about the number or the change in the procedure from petitioning for cancellation to actual cancellation. So I'd like to hear you talk about why your appeal relates to either of those two things or contest and cite me some authority that says you can bootstrap the whole thing in because I don't think you can. And the second is, is there any real ambiguity sticking with the number where, as I read that letter, it was everyone agrees there's only one of these that involves BBB. You don't seem to be contesting. No, it might have been a different mark that was getting canceled. So take those in order. First of all, there's no way we can bootstrap the rest of the case in here beyond these two ambiguities, is there? Well, Your Honor, I think, again, our view is that, remember, Mr. Hipple was representing himself pro se in the district court. He was representing himself pro se when he filed his notice of appeal. I mean, for example, the court, it's obviously an unpublished case, but the court's Copeland decision certainly took into account the fact that Mr. Hipple was a pro se litigant. Okay, that's unpublished. Do you have any authority? The Copeland case. That's not authority for us. You can cite it. We can't rely on it. Is there any authority? Your Honor, we would just rely on the plain language of the, I mean, the controlling case, of course, is the FTC decision. I mean, that is the controlling authority. Is there really any ambiguity out there that is supported by the record with respect to other marks being in existence with respect to steel seal? Well, I think there is ambiguity in the record because, you know, again, I don't want to belabor the point. Well, you're not belaboring the point because it's pretty critical whether or not we have appellate jurisdiction here. I mean, the order itself says the steel seal trademark obtained by defendant Clement Hipple for BBB management. Certainly the use of the article the would suggest in its singular nature the existence of one. And there's one for BBB, even if there are others out there. Yes, Your Honor. Again, I think that we just need to view everything as a whole. I think that that's what, you know, that's what the Supreme Court said. If there truly is a genuine ambiguity as a whole. Let's assume we don't agree with you about the first one. All right. Does this case have anything to do with the second issue? The difference between being able to petition for the cancellation or invalidation versus it's just being invalidated. Right. Because the assistant solicitor's email says, well, this is just a procedure you can just bypass. It's clear. Let's just go ahead and get invalidated. Does this appeal have anything to do with that? Yes. So let's assume, like Your Honor said, that you disagree and you find that we can only get to the narrow issue of the change between the 1064 to 1119 if the court were to find that. We still win because that I think it's undisputable that that was a substantive change. It goes from permission to petition the USPTO, which is different from ordering the USPTO. I think it's disputable. You can make your argument. I think the argument is, is this procedural or is it substantive? And the assistant solicitor's email, which you don't seem to question the authenticity of or anything, is it just bypassing a series of steps going to lead to a result? Is there any substantive defense you would have advanced before the PTO, should have advanced, et cetera, granted some leeway because he's pro se, and any substantive right of his that's being abridged by or are we just getting past the formalities by having the PTO just invalidate it? Yeah, I understand, Your Honor. Let me just hit the nail on the head and say one thing, that if the court just finds that it only has appellate jurisdiction with respect to the 1064-1119 issue, which goes to your question, we still win because even if the court finds, for example, that Misconception, the appellee in this matter, didn't have standing, and that is one of our arguments, if the court finds that she didn't have standing to advance these types of arguments in the first instance, even with respect to changing the order from 1064-1119, lack of standing ultimately goes to the court's subject matter jurisdiction. It goes to the fact that there was no case or controversy to begin with. As a result, since the order is a void order for lack of subject matter jurisdiction, just the fact that we're only touching on the fragments, which suggests that the rest of the orders in that chain are also void. So I think we still win. But the revised order, though, doesn't change the fact that the district court previously held that Hipple fraudulently obtained the mark, right? I mean, I don't know where it gets you, really what you're getting at. That part of the order was not revised. It's just, as Judge Bevis points out, it's a procedural matter after that, right? Well, to your question, Your Honor, if the court issued the December 2017 order without there being proper standing, if there's no standing, there is no proper case or controversy, it is, the order is void. I mean, and recognizing a void order is just merely a formality. So in other words, you know, we could file a Rule 60 before motion. For example, if the court finds that the- We don't take the issue of standing before we take the jurisdiction over the appeal. You can't say I can bypass all the untimeliness of the appeal because there was no jurisdiction below. That's forever appealable. Do you have any authority for doing it in the reverse order the way you want to? No. Just to clarify, Your Honor, we're not trying to do it in the reverse order. What we're saying is, you know, assuming that the court disagrees that, you know, that the only appealable issue is the change between 1064 to 1119. Assuming that that's true, the court still needs to evaluate whether there was standing. The court always has a duty to evaluate standing. And so what I'm saying is, is if the court finds that misconception didn't have standing, that would go to the heart of the magistrate's orders. The magistrate judge did have a duty to evaluate its own standing before it even issued these orders. So in other words, if it turns out that there's a fundamental flaw with the order, such as due process or standing of procedural arguments, then that goes to the heart of the issue. It means that the court did not have subject matter jurisdiction, and vacating the orders that are void are just merely formality. So that's the argument. Let's turn to the issue of standing, since I think that that goes from our view, that goes to the heart of the matter. And the critical point is that on page 45 of the appellee brief, the appellee does not articulate any palpable basis for standing. She only writes three sentences in support of standing. She says in her first sentence, she says, as the owner of BBBM and a judgment creditor of SCIX, misconception has a real interest in showing that BBBM's trademark was obtained by fraud to clear the way for SCIX to apply for a trademark using SCIX's common law rights. And the steel steel trademark to obtain the registration of the mark. I've studied that sentence a couple, multiple times. I'm not really sure what it means, but I can say that it does not articulate any type of injuring fact to misconception. Counselor, if you want to finish your point, I don't want to prevent you. May I just finish my point, Your Honor? Go ahead. And additionally, she talks about how she wants to clear the way for SCIX to apply for a trademark using SCIX's common law rights. But SCIX was dissolved in 2016, so it doesn't even have any interest. The company doesn't even exist. So that sentence doesn't really provide a basis for standing. The next sentence reads, as the owner of BBBM and all BBBM's assets, including the steel steel trademark, had an interest in ensuring that any products she sold were not sold using a mark obtained by fraud. So, again, she's not alleging any kind of concrete particular injury, which is required under Supreme Court precedents, such as the Hind versus Freedom of Religion case. You have to articulate, of course, a concrete, non-hypothetical injury. But all she's saying is any products she sold were not sold using a mark obtained by fraud. She hasn't even alleged that she wanted to sell products or that she had. And that's because she hasn't. The final basis for how she's tried to articulate standing, she says, a new steel steel trademark application has been filed by a company that has been granted permission by conception. Again, she doesn't articulate any injury to her herself. She seems to be articulating to some other entity, which I looked it up, and it's a company called Steel Seal Elite. It's a legally distinct person in any, of course, from this conception. It doesn't provide her with a basis, an injury, in fact, for even moving in the first place to seek relief to invalidate the trademark. And I think that goes to the heart here. Yes? All right. So before we let you sit down, I did want to ask a little bit about the bankruptcy proceeding here. It's a little odd that the bankruptcy court did not rule on the trustee's motion because it looks to me like the transfer of the trademark from BBB Management to Steel Seal violated the automatic stay. My question is, assuming it did, I mean, it looks like it did. If it did, would that make it void as of an issue, or would it be self-executing such that we could find that BBC still had the trademark because the attempt to transfer it was ineffective? Two quick points on that, Your Honor. First, I don't think that this court should be addressing that issue for the first time on appeal. As you note, the lower courts didn't decide. I think that that's an issue for remand. Okay. So maybe we would remand and direct the district court to take up that issue. That's correct. And then second, but I want to emphasize that we still win even if you find that the transfer was void of an issue, and here's why. Because on page 43 of the appellee's brief, she says, BBBM is the current owner of the registration, was the owner of the trademark registration on December 15th when the district court hearing was held. That admission means, under her own brief, that BBBM was a necessary party under Rule 19 just for the same reasons that Steel Seal LTD was a necessary party under Rule 19. Rule 19, of course, provides that you must add interested parties into the litigation. That was never done, and that's a fundamental flaw in why the magistrate's order should be vacated. I think I'm out of time, Your Honor. Thank you. We'll have you back on rebuttal. Thank you. Jackal. Good morning. May it please the Court, Robert Jackal, Counsel for Appellee Teresa Concepcion. So while this case arises from Mr. Hipple's continuing efforts to hide his assets  I think this panel really properly noted the only real question this Court has to decide is the question of timeliness. We have a December order, and we have the March order. The December order was appealable but was not appealed. The March order made a few ministerial changes to the December order, but nothing that affect any rights of clandestine. And I think as Judge Bibas was asking about the question of the substitutes for procedural rights and the difference between petition to cancel and the order of cancellation. So the USPTO's Solicitor's Office sent some correspondence on this matter and specifically said a cancellation proceeding is not necessary given there's already been a finding of fraud by a district court. And essentially what the USPTO was asking for was for the district court to help the Trademark Trial and Appeals Board avoid an unnecessary, lengthy and costly proceeding when the outcome was predetermined. Because a finding of fraud by the district court is binding on the USPTO. So either... Were you counsel before the district court? No, I was not, Your Honor. Counsel for Ms. Hipple, before the district court, said in the wake of the December 2017 order that the district court could not, quote, cannot act with certainty to cancel the steel seal mark. Since you did not utter those words, you can't indicate what was intended, but it seemed to be a rather inconsistent statement, if indeed what Ms. Hipple's position is that there really is not ambiguity here that would warrant some subsequent order. Are you... That's correct. I think the... I can't place the context of that statement. I will say, though, that when district courts do find fraud, traditionally the remedy is for the district court at that point to issue cancellation. Notably, the USPTO in its own TTAB, in the Trademark Trial and Appeal Board proceedings, relies on... ...treats that as issue preclusion and resolves the matter. So, you know, essentially, as we've said, there are two changes between the December order and the March order. The first is the registration number, and I think it's clear... The registration number, if their point is the registration number should have been included and that was an issue, there really isn't any argument. And if their point is that the USPTO, not the district court, should initiate the cancellation, the USPTO is still bound by the district court order, and I don't believe they challenged that. So if the district court order... if the December order were to stand and instead of the March order existing at all, we had simply gone through with the cancellation, the mark would have been cancelled. So there's really no change in the substance here between the December order and the March order that resets the clock for appeal on any of these issues. So I'll ask you the question I asked your friend on the other side. Sure. Weren't there substantive defenses that Hipple could have litigated before the PTO? No, Your Honor, and this is not a question of rebuttable presumption of fraud. It would be one thing if the district court order had laid out several of the elements of fraud, and then perhaps they could be rebutted. But no, the district court order simply said Clement Hipple obtained this mark for BBM by fraud. There's nothing more to do. So really the difference here is whether or not there's an additional piece of litigation with a predetermined outcome or whether the district court order stands. I would also point out, though, that Hipple isn't really making any arguments as to the one issue that affects Clement Hipple, which is whether or not he finds fraud. Rather, he's referring to Steel Seal Limited and their rights. And so there's also a standing element here where Hipple is not asking for any relief that affects Hipple. Okay, thank you, Your Honor. Thank you very much, Mr. Chairman. Mr. Olson. Thank you, Your Honor. So I just want to make one point in response to my friend on the other side which is that there was a substantive change between the 1064 and 1119 because if you initiated the 1064 proceedings, that means that Steel Seal LTD would have been yanked into those adversary proceedings of the USPTO. In contrast, by directing the USPTO under 1119, the court is saying, USPTO, you need to destroy this trademark. So what we have is a situation where we have a presumed registered owner of the trademark. Steel Seal LTD has been provided no notice of these proceedings whatsoever. There's no evidence of any due process notice to Steel Seal. And the problem here is that if the court orders the USPTO under 1119 to do this, the court has done so without any notice to Steel Seal LTD whatsoever, which right now is the registered owner of the mark. So essentially the court would be setting a precedent that you can bypass the adversary proceedings that would have happened to the USPTO. That's why that changes the substantive because it changes the relief from 1064, which launches adversary proceedings to just a unilateral order to the USPTO. Destroy this mark. No notice is given to Steel Seal LTD. As a result… What about the cases from other circuits? I don't think we have anything in ours. Maybe I'm wrong. That basically say if you find it was fraudulently obtained, then the court must order that the PTO cancel it. Yes, Your Honor. So the order of a fraudulent finding has no preclusive effect on Steel Seal LTD because it wasn't party to those proceedings. So the initial objection that I would raise if I was counsel for Steel Seal LTD, if I got yanked into the USPTO proceedings is, well, that order has no legal effect because I wasn't a party to it, so the USPTO can't rely on it. It doesn't have any rejudicata effect that my friend on the other side is advocating for. So that's my whole point about the due process and the standing. It is a void of initial order because under Rule 19, necessary parties haven't been joined. Steel Seal LTD has not been joined. BBBM has not been joined. My friend on the other side admits that BBBM is the owner of the trademark. So there are fundamental problems here that means that there's going to be if, for example, somebody claims rights to the mark, well, then Steel Seal LTD has an objection saying, well, I wasn't even a party to that, so how can the registry be changed when I wasn't even provided with any notice? And that is the fundamental problem here, and that's the point that I hope we got across in the briefing, that there were due process violations here. There were Rule 19 violations. That's why these are the rules. The rules need to be followed. They weren't followed. As a result, the court should just – I think the appropriate recourse here is just to vacate the order and just remand for further proceedings and join necessary parties that need to be joined. You need to have BBBM, based on my friend on the other side's contentions. You need to have Steel Seal LTD. There is no enforceable order. So thank you, Your Honor, amount of time. Thank you, Mr. Ellison. Thank you, Mr. Shackel. We will take the case under advisement, and I will ask the clerk to adjourn the proceedings.